**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KIMBEREY CALLOWAY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-918-P** |
| | § | |
| **SECURITY CREDIT SERVICES LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER TO SUBMIT JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN**

Pursuant to Federal Rules of Civil Procedure 16(b) [1] and 26(f), and the Court's Civil Justice Expense and Delay Reduction Plan (the "Plan"), the Court enters this Order to promote possible early settlement of this action and to facilitate subsequent entry of a Scheduling Order required by Rule 16(b). This Order is being sent to all counsel and unrepresented parties who have appeared. If there are other defendants who have not appeared, but who have been in contact with the plaintiff or plaintiff's counsel, then the plaintiff's counsel (or the plaintiff if the plaintiff is unrepresented) is responsible for contacting such defendants and making every effort to ensure their meaningful participation in the conference.

**I.**

Lead counsel for each party (or a designee attorney with appropriate authority) and any unrepresented party (except for a prisoner litigant proceeding *pro se*) shall, **within 20 days of the date of the filing of this order**, in compliance with Rule 26(f), confer (the "Scheduling Conference") to discuss:

[1] If this case falls into one of the ten categories of cases that are set forth in Local Civil Rule 16.1 as being exempt from the scheduling and planning requirements of Rule 16(b), the parties shall note this in their Joint Status Report and suggest an alternative scheduling order that contains deadlines appropriate for their case.

(1) The nature and basis for their claims and defenses;

(2) The possibilities for a prompt resolution of the case;

(3) Making the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(A) or stipulating that they will not be made; and

(4) Developing a proposed discovery plan.

It is the Court's belief that a personal face-to-face meeting is usually the most productive type of conference, but the Court will leave to the professionalism of the parties a determination of the form for the Scheduling Conference. As a result of the Scheduling Conference, counsel and/or *pro se* parties shall prepare and submit a Joint Status Report and Proposed Discovery Plan ("Joint Status Report").

**II.**

The parties are ordered to **electronically** file with the clerk of the court the signed Joint Status Report **within 28 days of the date of the filing of this order**, and to include therein, in separate numbered paragraphs (but **NOT** in a proposed Order format), each of the following matters:

(1) A brief statement of the nature of the case, including the contentions of the parties;

(2) Any challenge to jurisdiction or venue;

(3) Whether the disclosures required by Rule 26(a)(1)(A) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under Rule 26(A)(1)(B);

(4) (a) A very brief statement of the subjects on which discovery may be needed,
(b) When discovery should be completed, and
(c) Whether discovery should be conducted in phases or be limited to or focused upon particular issues;

(5) Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI;

(6) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;

(7) A statement regarding whether any other orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c) (If additional orders are required, they should be separately submitted in agreed form with the Joint Status Report.);

(8) Whether a jury has been demanded;

(9) (a) An assessment of the prospects for settlement,

(b) The status of any settlement negotiations already conducted (except that the parties shall not disclose settlement figures), and

(c) The parties' agreement as to a specific date, place and time of a formal settlement conference at which the parties and their counsel shall appear **in person** to discuss settlement of this case (corporations, partnerships, associations, etc., shall participate through a representative who must have authority to bargain in good faith); and a proposed date for further settlement negotiations;

(10) An assessment of whether the dispute would be amenable to mediation and if not, why not, keeping in mind that pro bono mediation may be available to parties unable to afford it ;

(11) Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton, who will preside over all pretrial proceedings and trial. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. (Please file the attached consent form with the appropriate signatures **only** if all parties consent.);[1]

(12) Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;

(13) Whether a conference with the Court is desired;

(14) Any other matters relevant to the status and disposition of this case; and

(15) A statement that counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Tex. 1988). The *Dondi* opinion is also available on the Northern District of Texas website.

[1]Currently, the case has been referred to Judge Cureton for the handling of only pretrial matters.

(16) **In cases filed in or removed to this Court based on diversity of citizenship as set forth in 28 U.S.C. 1332(a), the parties are to provide evidence regarding the citizenship of each party and whether complete diversity exists. This evidence may be presented by a stipulation between the parties, an affidavit, declaration, or similar supporting documents.**

(17) **In addition to the above, the parties shall also fill out and attach the chart contained in Exhibit A to the end of the Joint Status Report**.

**The filing of the Joint Status Report is mandatory**. All parties shall endeavor to prepare joint suggestions, but if they cannot agree, the Joint Report shall reflect their respective views. In such a case, the Joint Report shall set forth each party's respective recommendation, and a statement as to why agreement could not be reached. The names of any persons named in the case who did not participate in the conference shall be identified in the Joint Status Report.

**III.**

Unless plaintiff is unrepresented, lead counsel for plaintiff is responsible for initiating contact with opposing counsel and all unrepresented parties for the purpose of arranging the Scheduling Conference and for preparing the Joint Status Report. Lead counsel for all parties and unrepresented parties are equally responsible for seeing that this Order is complied with in a timely manner. At least one counsel for each party and all unrepresented parties shall sign the Joint Status Report prior to filing.

**IV.**

Because, pursuant to Fed. R. Civ. P. 16(b)(2), the Court is to enter a Scheduling Order "as soon as practicable, but in any event within the earlier of 120 days after any defendant has been served with the complaint or 90 days after any defendant has appeared," any request for an extension of time to file the Joint Report shall be denied, absent a showing of good cause.

**V.**

Unless a scheduling conference with the Court is required and set, the Court will issue a Scheduling Order following the Court's review of the Joint Status Report filed by the parties.

**VI.**

(1) Citations. All briefs filed with the Court shall comply with the most recent edition of *The Bluebook: A Uniform System of Citation*. Particularly, counsel and/or any pro se parties are directed to provide, where applicable, the subsections of cited statutes, and to provide pincites when citing cases, *i.e.*, provide the page where the stated legal proposition can be found. *See Bluebook* Rules 3.2-3.4 (Columbia Law Review Ass'n et al. eds., 22nd ed. 2025) (regarding pincites and subsections). Furthermore, if a brief contains citations to unpublished opinions or to LEXIS, counsel must attach copies of those cases to the brief. Westlaw citations are preferred over LEXIS.

(2) Certificates of Conference. Pursuant to Federal Rule of Civil Procedure 5 and local civil rule 7.1(b), certificates of service and conference shall address all parties, including co-defendants and co-plaintiffs.

(3) Summary-Judgment Procedures. Pursuant to local civil rules 7.1(i) and 56.6, all documentary and non-documentary evidence submitted in support of or opposition to a motion must be included in an appendix. Regarding the documentary evidence submitted in an appendix,

this Court requires that the proponent of the appendix underline, or for large passages, bracket in the margins, the portion of each page of the appendix upon which he relies to support his position.

(4) Judge-specific requirements. Counsel are advised to review Judge Cureton's general requirements, which are available on the Northern District of Texas website.

SIGNED August 31, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KIMBEREY CALLOWAY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-918-P** |
| | § | |
| **SECURITY CREDIT SERVICES** | § | |
| **LLC,** | § | |
| **Defendant.** | § | |

**CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), the parties to the above captioned civil matter hereby waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the above styled case, including the trial and entry of a final judgment.

| **Party or Counsel of Record** **(please designate)** | **Date** |
|---|---|
| ______________________________ | ______________________ |
| ______________________________ | ______________________ |
| ______________________________ | ______________________ |

**NOTE: Return this form to the District Clerk ONLY if it has been executed by all parties to the case.**

**ORDER OF REASSIGNMENT**

In accordance with 28 U.S.C. § 636(c) and the foregoing consent of the parties, **IT IS HEREBY ORDERED** that the above captioned matter be reassigned to the United States Magistrate Judge Cureton for the conduct of all further proceedings, including the entry of judgment.

**DATED:**____________________

______________________________
**UNITED STATES DISTRICT JUDGE**

## TRIALS BY THE UNITED STATES MAGISTRATE JUDGE

28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b) provide that upon the consent of all parties in a civil case, the district judge may enter an order reassigning the civil case to a magistrate judge. Miscellaneous Order # 6 of the Northern District of Texas provides that it is the plaintiff's obligation to attach a copy of this notice to the complaint and summons, when served.

## NOTICE OF RIGHT TO CONSENT TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE

You have the opportunity to consent to the exercise of civil jurisdiction over your case by a magistrate judge. If all parties involved in your case consent, the presiding district judge may enter an order of transfer and reassign your case to a magistrate judge.

Your decision to consent, or not to consent, to the reassignment of your case to a magistrate judge is entirely voluntary and without any adverse consequences if you choose not to consent. Your decision should be communicated to the clerk of the district court using the form entitled: *Consent to Proceed Before a United States Magistrate Judge* ("consent form"). It is preferred that all parties submit the consent form jointly, but it may be submitted individually if necessary. A district judge or magistrate judge will not be informed of any party's response to this notice unless all parties have consented to the referral of the matter to a magistrate judge.

Even if all parties consent to the exercise of civil jurisdiction by a magistrate judge, the district judge may choose not to enter an order reassigning the case to a magistrate judge. However, if the district judge does enter an order of transfer, and reassigns your case to the magistrate judge, the magistrate judge is then authorized to conduct any or all proceedings in the case, including a jury or non-jury trial, and order the entry of a final judgment. Upon entry of judgment by the magistrate judge in any case referred under 28 U.S.C. § 636(c)(1), 28 U.S.C. § 636(c)(3) provides that "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court."

**Exhibit A**

| Event or Deadline | Parties' Proposed Date or Dates |
|---|---|
| Formal Settlement Conference | |
| FRCP 26(a)(1) Initial Disclosure Deadline | |
| Deadline to Join or Impleaded Parties | |
| Plaintiff's Deadline to Amend Pleadings | |
| Defendant's Deadline to Amend Pleadings | |
| Plaintiff's Expert Witness Disclosure Deadline | |
| Defendant's Expert Witness Disclosure Deadline | |
| Deadline to Cease Discovery | |
| Deadline to File Pre-trial Dispositive Motions | |
| Proposed Mediation Date | |